The next case today, number 231962 and 232002, Oriental Financial Group, Inc. et al. v. Cooperativa de Ahorro y Credito Oriental. Will counsel for appellant, Cross Appleby, please introduce yourself on the record to begin. May it please the court. Again, Leslie Flores on behalf of Oriental. After 10 years of litigation and two evidentiary hearings, on November 20th, 2020, the District Court issued an injunction explicitly prohibiting Cooperativa from using in-commerce, the marks Cooperativa Oriental, Coop Oriental, and Oriental Pop in connection with any of its goods and services. As party to the case, Cooperativa was on notice of the injunction's clear and unambiguous language, it had the ability to comply, and it violated the injunction. The particular conduct that is prohibited by the injunction is the use in commerce. What do you want us to do for you in this appeal? We want the court to send a clear message. But we don't do that. What do you want us to do as a legal matter in this appeal? We want the court to find that the District Court abused its discretion when it said that Oriental's arbitrary and inherently distinctive mark can be used by Cooperativa because as a junior user it was allowed to use it in a geographical sense. Okay, but we don't get to that question if I understand it. If the District Court was right that in light of the compliance filing that they made and how they're in compliance, if I understand the District Court, it then says, and all that's remaining are the allegations that nonetheless they're using Oriental in these various embedded texts to which the District Court said, well, I can't tell from what you've filed because they're Spanish language, all I see is the word Oriental, there's no prohibition against using the word Oriental, so it just depends on the context, but you haven't given me any way of evaluating that because it's just Spanish language. Assuming that you're going to challenge that ground, the Spanish language, is there anything beyond that that you are challenging? In other words, as I understand the District Court, you have no cause for complaint in light of the compliance order unless you can show they're doing something additional to that and the only thing in the record that shows that are the Spanish language documents that don't count. Well, as to the Spanish language documents issue... Before we get into the Spanish language documents, is that the sum total of what we have to figure out in the appeal, though, or is there some additional piece of evidence that shows why the compliance document doesn't suffice to take care of the complaint? Well, we think that the compliance, as it is, does not suffice. The record shows that Cooperativa is relentless. And is that from the Spanish language documents? Yes, the Spanish language... Independent of the Spanish language documents, there's nothing in the record showing that, is that right? That is right, however, the Spanish... Okay, so now let's talk about the Spanish language documents. Well, the Spanish language documents were submitted just to show that Cooperativa was used in the infringing marks. That is evident from the Spanish language documents. They did not need to be translated for the court to assess whether the marks were used or not. What the injunction prohibits is the use of the marks in commerce in connection with any of Cooperativa's goods and services. By using the marks Cooperativa Oriental, regardless of whether they're embedded in the text of their websites or social media publications, they are, by necessity, using the marks in commerce, which is against the broad language of the injunction. And if we were to disagree with you about the strength of the holding as to the fact that because they're Spanish language documents, she can't draw any inferences, if we were to agree with the district court on that point, and I realize you think we shouldn't, and we may well not agree with this, but if we were to disagree, is there anything left of your appeal? Yes, because the court said that even if it took into account the Spanish language documents... Right, but we wouldn't need to get to that other issue if you lose as to the Spanish language documents. That's what I'm trying to understand, because it doesn't matter. She's ruled against you based on the Spanish language documents anyway. I disagree, and I think that she abused the discretion when it discarded the Spanish language documents, because since 2010, the court had ruled that parties did not need to submit certified translations. It's basically, it was just to show the use of the marks, which precisely was the case. The court immediately sort of didn't show any reason why it was actually changing what was basically the established court-approved practice since June 2010, and the court basically also inequitably applied that translation requirement by requiring that Orienta submit Spanish language documents, but not doing the same for Cooperativa when it submitted Spanish language documents to establish that it was in compliance, and also the court ignored that in its motion in compliance with the order, Cooperativa not only, you know, it had represented in the body of the motion that it was in compliance, but in the statement under penalty of perjury that was attached to that very same motion, it admitted that it had continued using the marks in commerce whenever deemed so appropriate because of space and time limitations, which was amply litigated during the hearings and rejected by the district court and the injunction. So the court, in our view, watered down the injunction by basically saying that a junior user can use an arbitrary and strong mark in commerce because it was using it in a geographic manner when there was no evidence that that was the case, and the only excuse that Cooperativa was proffering for the use of this mark was a theory that it devised after the injunction was issued, 11 years after the injunction, that there was supposedly a difference between trade names and trademarks, when it is the overwhelming authorities of the opinion that that distinction is superfluous when we're talking about trademark infringement, and by the way, the court properly rejected that argument. So by saying that Cooperativa can continue to use the infringing marks because it's not prohibited, we think that that would just water down the injunction. The injunction doesn't have to spell out every single use of the mark for it to be clear. The conduct is do not use the mark in commerce in connection with your goods and services. If Cooperativa comes up tomorrow in the World Baseball Classic… Just so I understand it, are you saying then that your concern is that that additional independent holding about no likelihood of confusion, even setting aside the Spanish language document point, that you understand that to be effectively an amendment or an interpretation of the injunction going forward that you're challenging on appeal? Yes, that is precisely it. This court has held that it is an error and an abuse of discretion to require likelihood of confusion when there's already a prohibition on the use of the mark and the requirement of proven likelihood of confusion, again, does not stem from the order as is the case here. In fact, requiring Oriental to repeatedly prove likelihood of confusion as to each subsequent use of Cooperativa of the infringing marks is against the clear language of the injunction and would require several mini-trials every time that I move for enforcement, and it is against the forward-looking nature of injunctive relief. As I was saying, if Cooperativa comes tomorrow and charters a plane and puts a banner that says Copo Oriental in the World Baseball Classics, is it going to say that's not a part of the injunction or it's not part of the injunction because it's not in the specific language of the court? No. The strong marks, as Oriental's marks is, merit strong protection, and when the marks are for similar services, as is the case here, also strong protections and injunctions are warranted. So that's why we believe the scope of the injunction, as it was drafted, is completely appropriate. What happened is that by not finding Cooperativa in violation of the injunction, when it specifically continued using the infringing marks in commerce, is going to basically allow it to continue doing it. As I was saying, Cooperativa has been relentless. Every time they try to find a loophole to continue using the marks, that's what they've been doing. And after 12 years of the injunction, that's what they did when they came up with the theory of the difference between trade names and trademarks, when they came up with the theory that they're using the marks as a nominative fair use, when that theory does not apply to the case. It's completely at opposite. Can I just ask before you, when was the last time this was in mediation? It was, I think, back in 2010, actually. And since you're now on a new appeal, did it not go through the Court-Assisted Mediation Program for this set of appeals? I think for this one, it didn't go to the appeals, the mediation session. But it has been unsuccessful every time. Well, I thought the last time it happened was in 2010. No, if I may, I might correct myself. It was in 2016, before Oriental 2. That's still a long time ago. Would there be any interest in, I mean, is there some reason not to use, I thought for our appeals, you always have to go through the camp process. Well, I think we go through the process. If there's a possibility of reaching an agreement, we're deadlocked here. They want to continue using the infringing marks and infringing Oriental's marks, and we are not in agreement with that. From the very get-go of this case, as Judge Thompson properly noted, we have been asking for the same thing. Do not use Copa Oriental in any shape, way, or form in commerce or any other infringing marks. Council said that supposedly there's no reputable harm, there's no loss of control of our marks. There was evidence on the record that they were trying to create their own family of marks using Copa Oriental mortgages. Thank you. Thank you. Thank you, Council. Well, attorneys for Appley Cross Appellant, please come up and introduce yourself on the record to begin. May I please support Veronica Ferraioli for Cooperativa de Agua Recreta Oriental? This appeal is strictly on whether Cooperativa de Agua Recreta Oriental violated the injunction when it continued to use. If that is what the appeal is about, then from your perspective, the issue if you were to win on the Spanish language point and the compliance of the Spanish language documents, because they're in Spanish language, the district court was not in a position to assess whether what was in those documents showed a violation. As I understand the appellant, they're contending that the additional finding by the district court that there was also no violation as to certain of the uses alleged to be revealed by those Spanish language documents, that those additional violations are not a problem because they're not violations at all because of no likelihood of confusion. They're contending that separate ruling amounts to a construction or interpretation of the injunction going forward. In your view, is that at issue in the appeal, was the appeal based on that contention or was it merely an appeal concerning whether there was a violation? Do you understand the difference that I'm getting at? Yes, Your Honor. I think there are two separate appeals. The first one, whether the facts in the case. That's your appeal. That's my appeal. I'm trying to figure out in this appeal. Yes, in this case. The court, I guess, split the baby. It said some things are a violation and some things are not a violation. Now they're appealing the things that were said not to be a violation. That is correct. What I'm trying to figure out is the district court has, as I read it, two independent grounds for why there was no violation.  One is it's moot plus the Spanish language documents don't show that the uses that are mooted by the compliance document are infringing because they're in Spanish and so I can't tell what the context of the usage is. That's one ground for saying no violation. Second ground for saying no violation is there wouldn't be any confusion because of the nature of the usage that's involved. Correct? And there is a third ground. What's that third? Which is that's not covered by the injunction. Yes. Specifically, cooporiental.com, the judge said, why are you talking about a violation of the injunction when you're talking about cooporiental.com? That has never been an issue here. We decided that in 2010. That has never been an issue here. And that goes specifically. Let me just, so if, what I'm trying to understand is, if it was all three are independently, in your view, grounds on which the claim that there was a violation would fail, right? Yes. Okay. One of those grounds has a potentially significant effect going forward because it, well, two of them, I guess, have, well, two of them have a potentially significant effect going forward with respect to what the content of the injunction is going forward. Right? The point about the Spanish language documents and the mootness, that's not a construction of the injunction going forward. That's just whatever it means going forward. I can't. It's mooted out and you haven't shown it. The other two arguably go to what the content of the injunction is going forward. Yes. So what I'm trying to figure out is, is this appeal just about whether there was a violation? Or is this appeal about what is the meaning of the injunction going forward? And do you know from the notice of appeal what was actually at stake? Because it would matter for what we have to decide in this appeal. It has to do, it's both. Because if the injunction did not include that, then obviously there is no violation going forward. If the injunction, I guess, included that, the judgment to include that, but it was not clear, then there is no violation. But now that we know. But the contents of the usages that are claimed to be violative are all either addressed by the compliance document or referenced in the Spanish language documents, correct? Yes, that is correct, Your Honor. And the district court independently concluded that because of them being in Spanish language documents and being subject to the compliance document, there simply was no violation shown. So my question is, does that just end this appeal? Why would we have to address, oh, but does the injunction apply to those things? Would there be confusion? If all we're trying to figure out was, was there a violation, then we don't need to do that. If instead the question is, what would be a violation under the injunction going forward, then we might have to decide those. So what is at issue in this appeal? In our appeal, in our cross-appeal. I don't want to talk about your cross-appeal yet. I want to just focus on their appeal. No, on them. Yes, our position is that the judge was correct to state that that was not contained in the injunction, period. That is what the judge said. But you just shifted on me. I thought what you were going to say is the judge was correct in saying your ground for showing a violation fails because of the compliance document and the Spanish language documents not being translated, period, and the story that's sufficient to show that there was no violation of the injunction. There were several things that were alleged to be violations. Some of them the judge said, we never discussed that, and so that's not contained in the injunction. And is that being appealed by them? Yes, Your Honor. Specifically the website. So you said there were three grounds, the Spanish language docs, the one that you said was never an issue, and then there's the one in the middle. The court's basis is in the middle. Could you just elucidate on the one in the middle? The middle? Okay, that is our appeal. Okay, so let's not talk about it. Let's just stick with their appeal first. Okay, their appeal first. They... In their appeal... In their appeal, they say... I thought they were relying only on violations premise on the things that they were showing were in the Spanish language document. I should say yes, but the real answer is no. They also challenged the use of the website, the domain name, govoriental.com. They also challenged the court's finding that that was not included in the injunction. They say that it should have been included because the injunction was broad enough, so... But that's part of their appeal. That is part of their appeal, yes, Your Honor. We want that. And your answer to that, as to why they're wrong on that, is what? Our answer to that is, as the judge said, that was not included. If you look at the four corners of the injunction, nothing is set up to that. And if you look at the hearing, there's no mention of that. So, not only is it not in the four corners... Okay, but the injunction says, any use in commerce. That is correct. And why would that not be included in the injunction? Because, Your Honor, the words cooperativo oriental, standing alone, are not a mark. A trademark has a specific meaning. You need to use a trademark in commerce in relation to your goods and services. And the contention was that there was agreement already earlier. Two things. They basically waived it to say that using it in the domain name is actually a mark, the use of a mark as opposed to something else. Yeah, but the other thing is that use as a domain name is not use as a mark. Because we don't use it as a mark. It's not like, you know, you've seen advertised hotel.com. That's on the merits of the question. Independent of the merits, you're saying just what did the injunction mean, not whether the injunction legally could include it. Did the injunction mean this? You're saying no because of the history of litigation that led to the injunction and what had been agreed to before. That's the idea? Number one. And number two is it's not mentioned in the injunction. It's not mentioned in the injunction. I guess that goes to the question of whether the general language would be ordinarily understood to mention. Yes, whether a specific trademark language is supposed to include everything in the world that is not necessarily understood as a trademark. Yes. And number two? Well, number one is that it's not in the four corners of the injunction. And number two, that there's no way to read that into the injunction because there was no mention of it at all as it being in the injunction. And there was earlier agreements according to this report. And three, the earlier agreements. That is correct. That is with regards to the domain name, yes. And what about the social media handle? The social media handle, our position is that it is not included in the four corners. Is that part of their appeal? No, that's part of our appeal because they want that so they don't appeal that. Right, exactly. Yes. Got it. And I see that my time is up. I'm going to just ask you a really quick question. I know Chief FitzFarren asked opposing counsel whether they were amenable to camp mediation settlement. Would your client be amenable to that as well at this stage? My client has always been amenable to talk about possible agreements. Thank you. Thank you, counsel. That concludes arguments in this case.